**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SABEEL C. EL-BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11 C 7260** |
| | ) | |
| **HOUSING & URBAN DEVELOPMENT,** | ) | |
| **WELLS FARGO BANK, JUDICIAL** | ) | |
| **SALES CORPORATION, MERS,** | ) | |
| **UNKNOWN OWNERS, and** | ) | |
| **NON-RECORD CLAIMANTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Sabeel C. El-Bey seeks quiet title to real estate located at 309 New Salem, Park Forest, Cook County, Illinois ("the property"). His amended complaint asserts three claims: to quiet title (Count 1); for violation of the Fair Debt Collection Act (Count 2); and for violation of the Illinois Consumer Fraud and Deceptive Business Practice Act (Count 3). Defendants Wells Fargo Bank and Mortgage Electronic Registration Systems, Inc. (MERS) have moved to dismiss all three claims for failure to state a claim. For the reasons stated below, the Court grants the motion.

### Background

The Court takes the following facts from El-Bey's complaint and the exhibits attached to the defendants' motion. When reviewing a Rule 12(b)(6) motion to dismiss, the court may take judicial notice of matters within the public record without converting

the motion to a motion for summary judgment.  *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003).  Accordingly, the Court will consider documentation from the foreclosure action that the defendants attach to their motion to dismiss.

Patrice Muhammad, who is not a party to this case, granted MERS a mortgage in March 2003 to secure a loan.  The mortgage was subsequently assigned to Wells Fargo.  In October 2006, Wells Fargo entered into a loan modification agreement with Muhammad, which El-Bey attaches  to complaint.

In June 2008, Wells Fargo sued in state court to foreclose on the property.  The court entered a judgment of foreclosure and sale on September 24, 2008.  In September 2010, Judicial Sales Corporation (JSC) transferred title to the property to the Department of Housing & Urban Development (HUD).

El-Bey alleges that he obtained an interest in the Property via an "Affidavit of Transfer of Interest from Patrice Muhammad dated September 09-2009."  Am. Compl. 6.  El-Bey alleges that Wells Fargo did not have an interest sufficient to permit it to foreclose on the property.  He argues that Wells Fargo's loan modification agreement with Muhammad was invalid  because she did not date her signature and the notary who acknowledged the signature of Wells Fargo's representative was not commissioned as a notary as of the day she acknowledged the signature.  El-Bey contends that Wells Fargo thus never acquired a valid interest in the property and thus could not properly transfer title to any of the other defendants via, or following, the foreclosure proceeding.

As indicated earlier, in his amended complaint, El-Bey seeks to quiet title against Wells Fargo and MERS (Count 1)  and also alleges violations of the Fair Debt

Collection Practices Act (FDCPA) by Wells Fargo (Count 2) and the Illinois Consumer

Fraud and Deceptive Business Practices Act (ICFA) by all defendants (Count 3).

Wells Fargo and MERS move to dismiss all of El-Bey's claims against them

pursuant to Rule 12(b)(6).

Discussion

On a motion to dismiss, the Court accepts the facts stated in the complaint as

true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal*

*Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A

complaint must describe the plaintiff's claims and grounds for the complaint in

"sufficient detail to give the defendant fair notice" of the claims, which requires more

than simply "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir.

2007). A plaintiff has "stated a claim only if [he] has alleged enough facts to render the

claim facially plausible, not just conceivable." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624

F.3d 834, 837 (7th Cir. 2010).

The pleading requirements are more stringent when a plaintiff alleges fraud.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

This requirement applies to fraud-based claims under ICFA. *See Cisewski v. Denny's*

*Corp.*, No. 08 C 5355, 2010 WL 2220584, at *1-2 (N.D. Ill. June 2, 2010). "Although

states of mind may be pleaded generally," to satisfy Rule 9(b), "the circumstances [of

the fraud] must be pleaded in detail. This means the who, what, when, where, and

3

how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

1.    **Count 1: Quiet title claim**

El-Bey's first claim seeks to quiet title in the property. An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property. *Gambino v. Boulevard Mortg. Corp.*, 398 Ill.App.3d 21, 52, 922 N.E.2d 380, 410 (1st Dist. 2009). A cloud on title is the semblance of title, legal or equitable, which appears in some legal form but is in fact unfounded or would be inequitable to enforce. Id.

In an action to quiet title, the plaintiff must recover on the strength of his own title; although it is not required that perfect title be established. Id. the plaintiff demonstrates "less than perfect title, the title held by the defendant may be considered, and the plaintiff may still prevail if able to demonstrate superior title." *Diaz v. Home Fed. Sav. & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 726, 786 N.E.2d 1033, 1039 ( 2002). That said, "a plaintiff cannot claim that there is a cloud on his title, unless he actually has title. *Gambino*, 398 Ill.App.3d at 52, 922 N.E.2d at 410.

In Count 1, El-Bey alleges that Wells Fargo never had title to the Property and thus could not legally foreclose on the Property. He alleges that Wells Fargo's foreclosure and its subsequent transfer of title is clouding his legitimate title to the property because HUD now claims to hold title to the property.

The defendants seek to dismiss El-Bey's quiet title claim on the ground that his amended complaint does not reflect that he ever actually had title to the property

4

himself.  Defendants also contend that El-Bey's complaint does not allege that any of the defendants actually created a cloud on his purported title.

As defendants accurately note, El-Bey's amended complaint only alleges that he obtained an interest in the property "via an Affidavit of Transfer of Interest from Patrice Muhammad."  Compl.  6.  Without more, this does not render plausible El-Bey's contention that he holds title to the property.  El-Bey has not provided the document upon which he relies to claim title to the property, nor has he made any effort to explain in a plausible way how Muhammad's "transfer of [her] interest" in the property after she had already lost it via foreclosure give El-Bey any colorable claim of title.

In addition, the public-record documentation defendants provided with their motion to dismiss reflects that MERS and Wells Fargo did, in fact, legally hold an interest in the Property such that they properly could transfer title to JSC and HUD. Exhibit 4 to defendants' motion to dismiss is a duplicate of the judgment of foreclosure and sale that the Circuit Court of Cook County entered in favor of Wells Fargo.  A state court's order finalizing a foreclosure holds that the foreclosing party - in this case, Wells Fargo -- is the legitimate holder of a valid mortgage.  *Cosey v. Ameriquest Mortg.*, No. 10 C 5848, 2011 WL 5828191, at *4 (N.D. Ill. Nov. 18, 2011).  Moreover, the state court's judgment also indicates that MERS maintained a valid mortgage agreement with Muhammad prior to assigning the mortgage to Wells Fargo.  The Court also notes that El-Bey cannot claim any greater interest in the property than Muhammad had at the time she transferred her interest to him.  By that time, Muhammad had already lost her interest in the property as a result of the judgment of foreclosure.  She thus had no title or other valid interest that she could properly convey to El-Bey.

5

In sum, El-Bey has failed to allege plausibly that the defendants are clouding his title.  The Court therefore dismisses Count 1.

2.      **Count 2: FDCPA claim**

The defendants argue that the Court should dismiss Count 2 because El-Bey's claim is barred by the statute of limitations.

Claims under the FDCPA are subject to a one-year limitation period that begins to run on the date of the violation of the statute.  15 U.S.C. § 1692k(d).  A violation occurs when a debt collector uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e; *see McCready v. Harrison*, 67 Fed. Appx. 971, 974 (7th Cir. 2003).

In his complaint, El-Bey alleges that Wells Fargo "communicated deceptive, false, fraudulent and misleading representation" to the Circuit Court of Cook County when it "falsely represented [that] . . . it had standing and authority to foreclose" on the Property.  Am. Compl., p. 8.  Though El-Bey does not allege a particular date that Wells Fargo made these misrepresentations, he says that Wells Fargo did so in connection with the foreclosure case it brought concerning the Property.

The judgment of foreclosure and sale, attached as Exhibit 4 to Defendant's Motion to Dismiss, indicates that the state court entered the judgment  on September 24, 2008.  Therefore, any misrepresentations Wells Fargo might have made to the Circuit Court of Cook County regarding the Property had to have occurred prior to September 24, 2008.

El-Bey filed his original complaint in this case in state court on August 29, 2011.  The statute of limitations, however, required El-Bey to file his FDCPA claim by, at the

6

latest, September 24, 2009. El-Bey offers no basis for excusing the late filing. The Court therefore dismisses Count 2.

### 3.    Count 3: ICFA claim

The defendants argue that Count 3 should be dismissed because El-Bey does not allege that Wells Fargo or MERS engaged in any wrongful conduct directed at him.

To state a claim under the ICFA, the plaintiff must allege "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149, 776 N.E.2d 151, 160 (2002).

In Count 3 of El-Bey's amended complaint he alleges that Wells Fargo and MERS "violated basic principles of justice and equity" and that Wells Fargo "used deceptive acts including, but not limited to misrepresentation, concealment, and suppression of material facts." Am. Compl., pp. 8-9. The complaint, however, contains no allegation that El-Bey relied on any deceptive conduct by the defendants. Nor could it, seeing as how he had no interest in the property at any time during the foreclosure action.

For these reasons, the Court dismisses Count 3.

### Conclusion

For the reasons stated above, the Court grants defendants Wells Fargo Bank

and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss [dkt. no. 31].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 20, 2012