IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABEEL C. EL-BEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11 C 7260 |
| HOUSING & URBAN DEVELOPMENT, WELLS FARGO BANK, JUDICIAL SALES CORPORATION, MERS, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Sabeel C. El-Bey's *pro se* amended complaint asserts two claims against Judicial Sales Corporation (JSC): a claim to quiet title and a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practice Act (ICFA). JSC has moved to dismiss, arguing that El-Bey's claims are barred by the doctrine of quasi-judicial immunity. For the reasons stated below, the Court grants the motion.

## Background

A third party, Patrice Muhammad, conveyed real estate located in Park Forest to El-Bey after the property had already been foreclosed upon. The state court that entered the foreclosure judgment appointed JSC to sell the property. JSC proceeded in accordance with the judgment and conducted an auction and sale of the property. The federal Department of Housing and Urban Development acquired the property via the

sale.

El-Bey claims that the deed by which JSC conveyed the property to HUD is invalid because JSC will not produce documents verifying that it received certified funds from the sale. Compl. at 5. El-Bey further alleges that JSC will not produce any tax claims and that it falsified the grantor statement on the deed. Compl. at 5-6. El-Bey has asked the Court to rule that the documents in the public record are void; that HUD and anyone who obtained title from HUD has no interest in the property; and that El-Bey has title to the real estate. Compl. at 7. JSC argues that El-Bey's claims are barred by the doctrine of quasi-judicial immunity.

## Discussion

JSC has moved to dismiss El-Bey's complaint pursuant to Rule 12(b)(6). On a motion to dismiss, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A plaintiff has "stated a claim only if [he] has alleged enough facts to render the claim facially plausible, not just conceivable." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010).

JSC has attached a number of documents to its motion to dismiss that are not, formally speaking, part of El-Bey's complaint. When considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of matters of public record without converting the motion to a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003). A court may also take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters

2

at issue." *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). Finally, a court may consider on a Rule 12(b)(6) motion documents that a defendant provides along with the motion to dismiss, if the plaintiff referred to the documents in his complaint and they are central to his claim. *See, e.g., Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

JSC has attached five exhibits to its motion to dismiss. Exhibit A is a duplicate of the judicial sales deed from JSC to HUD, and Exhibit E is a duplicate of the notice of foreclosure. The Court may consider these documents because El-Bey referred to both of them in his complaint. Compl. at 6-7. Exhibit B is a copy of the state court's judgment of foreclosure; Exhibit C is a copy of the court order appointing JSC as foreclosure sale officer; and Exhibit D is a copy of the state court's approving the sale. The Court may take judicial notice of these documents because they are matters of public record and because they reflect state court proceedings concerning the property that is at issue in this case.

In its motion to dismiss, JSC invokes the doctrine of quasi-judicial immunity, which is derived from the doctrine of judicial immunity. The doctrine of judicial immunity ensures that judges are free to exercise their functions with "independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Supreme Court has indicated that immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches. *Forrester v. White*, 484 U.S. 219, 225 (1988). The Court elaborated on this "functional approach" in *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), explaining that judicial immunity can extend to non-judges when their judgments are "functionally comparable to those of judges." *Id.*

at 436.

The Seventh Circuit has extended quasi-judicial immunity to non-judges performing ministerial acts pursuant to a court order. *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Snyder v. Nolen*, 380 F.3d 279, 287-89 (7th Cir. 2004) (extending absolute judicial immunity to non-judges acting pursuant to a judicial directive). The policy underlying the extension of immunity to a non-judicial officer is to prevent such persons or entities from becoming "a lightning rod for harassing litigation aimed at the court." *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980).

The public record documentation that JSC provided with its motion to dismiss shows that upon entering a judgment of foreclosure, the Circuit Court of Cook County entered an order appointing JSC as the selling officer to conduct the sale of the foreclosed property in a public auction. See JSC's Mot. to Dismiss, Exs. B & C. Exhibit D to JSC's motion to dismiss, the court's order approving sale, shows that JSC proceeded in accordance with the judgment of foreclosure and the order appointing it to sell the property.

JSC's actions were performed pursuant to a judicial directive. A "judicial sale" is defined as a sale "conducted under the authority of a judgment or court order." *In re Skidmore*, 2011 IL App (2d) 100730, 953 N.E.2d 981, 988 (Ill. App. 2011) (internal quotation marks and citation omitted). Because JSC was acting as directed by the state court, it is entitled to absolute immunity from suit for its actions. *See Snyder*, 380 F.3d at 287-89.

El-Bey states in his response that he has ascertained that JSC is not a "member[ ] of any Judiciary Branch in Illinois and [it] should not be holding [itself] out as

4

[an] officer[ ] of the Court." Pl.'s Resp. to Mot. to Dismiss at 2. That is beside the point. As the Court has noted, both the Supreme Court and the Seventh Circuit have held that a party does not need to be a judge to be entitled to judicial (or quasi-judicial) immunity. *See Antoine*, 508 U.S. at 436; *Kincaid*, 969 F.2d at 601.

El-Bey also relies on *Stump v. Sparkman*, 435 U.S. 349 (1978), in which the Supreme Court stated that the factors to be considered in determining whether an act by a judge is a "judicial act" concern the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and the expectations of the parties, *i.e.*, whether the parties dealt with the judge in his judicial capacity. *Id.* at 362. El-Bey contends that the actions JSC performed were not performed within the court's authority, and thus JSC is not entitled to judicial immunity. Though El-Bey has correctly characterized the holding in *Stump*, that case was decided before the Supreme Court extended the doctrine of judicial immunity to non-judges and before the Seventh Circuit extended quasi-judicial immunity to individuals acting at the direction of a judicial officer. Thus *Stump* does not in any way undercut the Court's determination that JSC is immune from suit.

## Conclusion

For the reasons stated above, the Court grants defendant Judicial Service Corporation's motion to dismiss [docket no. 44].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 8, 2012